UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IKORONGO TEXAS LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO LTD, et al., <br><br> Defendants. | Case No. 21-cv-07424-JCS <br><br> **ORDER REGARDING VARIOUS MOTIONS** <br><br> Re: Dkt. Nos. 26, 27, 41, 46, 53, 54, 57, 58, 59 |

    This case was recently transferred from the Western District of Texas based on a mandamus order by the Federal Circuit. *See In re Samsung Elecs. Co.*, 2 F.4th 1371 (Fed. Cir. 2021). A number of motions filed from September of last year through January of this year currently appear as pending on the docket.

    The following motions are moot, and are terminated on that basis: Plaintiffs' September 4, 2020 unopposed motion (dkt. 26) for a hearing on Defendants' motions to dismiss, which have since been resolved; the parties' November 11, 2020 joint motion (dkt. 41) to amend the scheduling order as to claim construction, an issue that has since been fully briefed and resolved; and Defendants' December motion (dkt. 46) to stay pending transfer.

    Defendants' September 11, 2020 motion to change venue to this district (dkt. 27) has been decided and should not appear as pending.

    None of the pending motions to file under seal (dkts. 53, 54, 57, 58, and 59) comply with this Court's or the Ninth Circuit's standards for sealing. The parties seek to seal entire briefs and other documents, with little or no stated justification. The Ninth Circuit recognizes "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to overcome that presumption must generally

show "compelling reasons" to do so, although a lower standard of "good cause" applies to documents submitted in connection with motions no "more than tangentially related to the underlying cause of action." *See generally Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). To implement that principle, this Court requires administrative motions to file under seal to be "narrowly tailored to seal only the sealable material"—which often requires redactions rather than sealing documents in full—and to be accompanied by a declaration setting forth reasons for sealing, among other procedural requirements. Civ. L.R. 79-5(d)(1)(A)–(B); *see generally* Civ. L.R. 79-5.[1]

All pending motions to file under seal are therefore DENIED, without prejudice to the parties filing new, consolidated motions to file narrowly tailored portions of the documents at issue under seal in compliance with this Court's procedures and Ninth Circuit law, no later than October 8, 2021. If renewed motions are not filed, the Court will order the parties to file the documents at issue in the public record.

**IT IS SO ORDERED.**

Dated: September 24, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] It is not clear that these motions comply with the Western District of Texas's local rules either, but this Court need not decide that question. *See* W.D. Tex. R. CV-5.2(b) ("Motions to keep pleadings, motions, or other submissions requesting or opposing relief from the court under seal are disfavored. The court expects parties to draft such submissions in a manner that does not disclose confidential information. . . . When it is necessary to support the filing, confidential information should be included in an appendix filed under seal and generally referenced, without being revealed, in the filing.")