UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IKORONGO TEXAS LLC, et al.,<br><br>        Plaintiffs,<br>    v.<br><br>SAMSUNG ELECTRONICS CO LTD, et al.,<br><br>        Defendants. | Case No. 21-cv-07424-VC<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. No. 139 |
| IKORONGO TEXAS LLC, et al.,<br><br>        Plaintiffs,<br>    v.<br><br>LG ELECTRONICS INC, et al.,<br><br>        Defendants. | Case No. 21-cv-07429-VC<br><br>Re: Dkt. No. 147 |

    The defendants' motions to dismiss are granted. This order assumes the reader's familiarity with the facts, relevant legal standards, and arguments made by the parties.

    While this is a close question, the '450 Patent's claims at issue in this case fail to comply with the original patent requirement. The '139 Patent is directed towards sharing user experience information. While a user experience can encompass sharing that a user visited a certain location, the '139 Patent distinguishes between raw location data and user experiences, the latter of which are the primary focus of the Patent's sharing technology. *See* '139 Patent at 18:58–59 ("In addition to computer user experiences, mobile communication device locations can be tracked . . ."). The '139 Patent's oblique reference to tracking location and disclosure of aspects

relating to sharing a visit to a specific location do not provide "clear and unequivocal disclosure" for the '450 Patent's claims related to the sharing of geographic data separate and apart from sharing the user's experience with a certain location. *See Ikorongo Technology LLC v. Bumble Trading LLC*, 598 F. Supp. 3d 500, 509 (W.D. Tex. 2022), aff'd sub nom. *Ikorongo Texas LLC v. Bumble Trading LLC*, No. 2022-2044, 2023 WL 5814409 (Fed. Cir. Sept. 8, 2023). So there is a disconnect between the scope of the '139 Patent, which discusses sharing that a user visited a location as part of sharing a user experience, and the claims of the '450 Patent, which contemplates sharing continuous geographic data, regardless of whether the user actually interacted with that location in any meaningful way. *See id.* ("Thus, any disclosure of sharing a 'location' or 'visit' may refer to sharing the name of the location or logo and fails to serve as a clear and unequivocal reference to 'geographic' location data.").

Because any amendment would be futile, Ikorongo's lawsuits are dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: June 25, 2025

VINCE CHHABRIA
United States District Judge